**FOREST WATCH, Forest Conservation Council, Friends of the Earth, Plaintiffs–Appellants,**

v.

**UNITED STATES FOREST SERVICE, Defendant–Appellee.**

**Docket No. 04–2839–CV.**

United States Court of Appeals, Second Circuit.

Argued: April 21, 2005.

Decided: June 6, 2005.

Ronald A. Shems, Shems Dunkiel Kassel & Saunders, Burlington, VT (Geoffrey H. Hand, Shems Dunkiel Kassel & Saunders, Burlington, VT) for Plaintiffs–Appellants.

Joseph R. Perella, Assistant United States Attorney, Burlington, VT (David V. Kirby, Acting United States Attorney, District of Vermont, Carol L. Shea, Chief, Civil Division, District of Vermont, Burlington, VT; Thomas L. Sansonetti, Assistant Attorney General, Todd Aagaard, Andrew Mergen, Attorneys, Department of Justice, Environment & Natural Resources Division, Washington, DC, on the brief; Ronald Mulach, Office of the General Counsel, United States Department of Agriculture, Milwaukee, WI, of counsel) for Defendant–Appellee.

Richard E. Schwartz, Thomas R. Lundquist, J. Michael Klise, Crowell & Moring LLP, Washington, DC; William R. Murray, American Forest & Paper Association, Washington, DC, on submission, for Amicus Curiae American Forest & Paper Association.

Before: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

JACOBS, Circuit Judge.

In August 2002, the United States Forest Service (the "Forest Service") approved a logging project in an area of Vermont's Green Mountain National Forest ("GMNF") commonly known as Old Joe (the "Old Joe Project"). The work of the Forest Service has been governed by successive regulations promulgated in 1982, 2000 and 2005 (respectively, the "1982 Rules," "2000 Rules," and "2005 Rules"), and by a transitional provision contained within the 2000 Rules (the "2000 Transitional Rule").

Forest Watch, the Forest Conservation Council, and Friends of the Earth (collectively, "Forest Watch") brought this action contending that: (i) the 1982 Rules governed approval of the Old Joe Project—as confirmed by the Forest Service's application of those rules throughout the administrative process; and (ii) the 1982 Rules contain specific mandates with which the Forest Service did not comply. The Forest Service counters that: (i) the 2000 Transitional Rule was applicable; (ii) the rule's only requirement is use of the "best available science"; and (iii) that requirement has been satisfied. Forest Watch appeals from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*), dismissing Forest Watch's claims on summary judgment. *See Forest Watch v. United States Forest Serv.*, 322 F.Supp.2d 522 (D.Vt.2004).

We agree with the Forest Service that the 2000 Transitional Rule was applicable. However, it is clear that the Forest Service staff applied the 1982 Rules, not the 2000 Transitional Rule, in its work. The Forest Service asserts that compliance with the 1982 Rules necessarily satisfied the "best available science" standard,

which the agency contends is somewhat less demanding. However, since the standards of the 1982 Rules and the 2000 Transitional Rule are—at least—distinct, and nothing in the record explains what "best available science" entails, we cannot conclude that the 2000 Transitional Rule was adequately applied; we decline to decide whether work done by the agency under one regime satisfies the demands of another. The judgment of the district court is reversed, and the case is remanded to the district court to enter a judgment vacating the Forest Service's approval of the Old Joe Project.

## I

Pursuant to the National Forest Management Act ("NFMA"), "the Secretary of Agriculture shall develop, maintain, and, as appropriate, revise land and resource management plans for units of the National Forest System." 16 U.S.C. § 1604(a). Land and resource management plans (commonly known as "forest plans") divide each national forest into areas in which a specific mix of uses are allowed. 16 U.S.C. § 1604(e)(1); *see also Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 728–29, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998). "To execute specific Forest Management Plans, the Forest Service proposes individual projects." *Utah Envtl. Cong. v. Bosworth*, 372 F.3d 1219, 1221 (10th Cir.2004). The NFMA requires that individual projects, such as the Old Joe Project, "shall be consistent with the [forest] plans." 16 U.S.C. § 1604(i); *see also Ohio Forestry*, 523 U.S. at 729–30, 118 S.Ct. 1665.

The NFMA further directs the Secretary of Agriculture to "promulgate regulations ... that set out the process for the development and revision of [forest] plans." 16 U.S.C. § 1604(g). The Land and Resource Management Plan for the Green Mountain National Forest (the "GMNF Plan") was developed under the auspices of the 1982 Rules. *See* 36 C.F.R. §§ 219.1–219.29 (1982). The 1982 Rules were superseded in November 2000, by the 2000 Rules. *See* 65 Fed.Reg. 67,514, 67,-568 (Nov. 9, 2000); 36 C.F.R. §§ 219.1–219.35 (2002). However, the 2000 Rules were not immediately implemented. Instead, the 2000 Transitional Rule indicated that it governed during a "transition period"—from November 9, 2000 until "completion of the revision process for each unit of the National Forest System." 36 C.F.R. § 219.35(a) (2002) (internal citation omitted). Under the 2000 Transitional Rule, "the responsible official must consider the best available science in implementing ... the current plan." *Id.*

## II

The district court reviewed the Forest Service approval of the Old Joe Project for compliance with the 2000 Transitional Rule's "best available science" standard. *See Forest Watch*, 322 F.Supp.2d at 528 ("Applicable regulations require the Forest Service to 'consider the best available science' when implementing the forest plan."). This is sensible, as the Forest Service persuasively argues that the 2000 Transitional Rule governed.

"[T]he plain meaning of language in a regulation governs unless that meaning would lead to absurd results." *Reno v. Nat'l Transp. Safety Bd.*, 45 F.3d 1375, 1379 (9th Cir.1995); *see also New York Currency Research Corp. v. CFTC*, 180 F.3d 83, 88–89 (2d Cir.1999). Moreover, the Forest Service's interpretation of its own rules (including which rule applies when) is entitled to deference. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) ("[T]he agency's interpretation of ... its own regulations is entitled to 'substantial deference.' ") (quoting *Chevron USA v. Natural Res. Def. Council*, 467

U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)); *New York Currency*, 180 F.3d at 88 (an agency's "interpretation of its regulations would be entitled to 'controlling weight unless it [is] plainly erroneous or inconsistent with the regulation'") (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994)).

■ The agency's position that approval of the Old Joe project must comply with the 2000 Transitional Rule is compelling. As the Forest Service observes, the plain language of the 2000 Transitional Rule dictates that the "best available science" standard applies when the agency is "implementing" a forest plan during the relevant time period, 36 C.F.R. § 219.35(a) (2002); the Old Joe Project is such an implementation of the GMNF Plan, *see Utah Envtl. Cong.*, 372 F.3d at 1221. Moreover, a 2004 Forest Service rule, interpreting the 2000 Rules, indicates that "[t]he 1982 rule is not in effect.... Projects implementing land management plans must comply with the transition provisions of § 219.35, but not any other provisions of the 2000 planning rule. Projects implementing land management plans ... must be developed considering the best available science in accordance with § 219.35(a)." 69 Fed.Reg. 58,055, 58,057 (Sept. 29, 2004).

The preamble to that rule also states that "projects *proposed* during the transition period should be developed considering the best available science." *Id.* at 58,056 (emphasis added). Forest Watch argues that since the Old Joe Project was "proposed" no later than November 1998 (well before initiation of the transition period), when the Old Joe Project was most recently "scoped," the 2000 Transitional Rule cannot govern approval of that project. One could conclude, however, that "proposed" is a status that continues until the date of approval; the briefs contain nothing to support or defeat either reading. Further, the preamble also states that "site-specific decisions *entered into* during the transition period are not to comply with the substantive provisions of the 2000 planning rule," *id.* (emphasis added), which indicates that the relevant date for the purpose of determining which rule applies is the date the final agency decision was made. *See Utah Envtl. Cong.*, 372 F.3d at 1221 n. 1 (applying "[t]he regulations in effect at the time of the disputed Forest Service decisions"). Forest Watch's argument is insufficient to overcome the plain language of the 2000 Transitional Rule (*i.e.*, that projects "implemented" during the transition period must comply with the best available science standard).[1]

### III

■■ Under the Administrative Procedure Act, a federal court may "set aside agency action, findings, and conclusions," where "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). "Although the scope of judicial review under this standard is narrow and deferential, a reviewing court must be certain that an agency has considered all the important aspects of the issue and articulated a satis-

---

1. The parties also dispute whether: (i) the 1982 Rules apply to site-specific decisions; and (ii) the 1982 Rules and the GMNF Plan were violated by the Forest Service's approval of the Old Joe Project absent specific Management Indicator Species monitoring and more detailed "economic" analysis. Since the For-est Service persuasively argues that its approval of the Old Joe Project must comply with the 2000 Transitional Rule, and the agency's approval of the Old Joe Project did not comply with that rule, we need not reach those issues.

factory explanation for its action, including a rational connection between the facts found and the choice made." *Henley v. FDA*, 77 F.3d 616, 620 (2d Cir.1996) (internal quotation marks omitted). Moreover, this Court may not "properly affirm an administrative action on grounds different from those considered by the agency." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

■ The Forest Service urges this Court to review its approval of the Old Joe Project under the 2000 Transitional Rule's "best available science" standard. Yet the Forest Service nowhere considered or mentioned that standard during the administrative process. Instead, the Forest Service reviewed the Old Joe Project for compliance only with the 1982 Rules and the GMNF Plan. This failure to consider the 2000 Transitional Rule's "best available science" standard was arbitrary and capricious.

The District Ranger for the Green Mountain and Finger Lakes National Forests is designated as the "Responsible Official," and charged with evaluation and approval of the Old Joe Project. The Responsible Official expressly incorporated the 1982 Rules into the May 2002 Revised Environmental Assessment for the Old Joe Project (the "May 2002 REA"): "Achievement of these goals and objectives is the purpose of the planning process provided in [the 1982 Rules] .... [The 1982 Rules], along with other appropriate laws not listed, are hereby incorporated into this analysis." May 2002 REA at ch. I, p. 2. And, the 1982 Rules were cited throughout that

document. *See, e.g., id.* at ch. III, p. 26–35 (discussing effects of the Old Joe Project on Management Indicator Species, as required under the 1982 Rules); *id.* at ch. V, p. 1 (citing 1982 Rules in bibliography); *id.* at app. G 23–26 (citing to 1982 Rules in responding to public comment). Further, the District Ranger's Decision Notice, in which he approved the Old Joe Project, cited to the 1982 Rules but not the 2000 Rules.

According to the Forest Service's arguments before this court, the "best available science" standard, announced in the 2000 Transitional Rule, governed evaluation and approval of the Old Joe Project. The exclusive application of the 1982 Rules and the failure to consider or mention the "best available science" standard amounted to conduct that is arbitrary and capricious. *See Chenery Corp.*, 332 U.S. at 196, 67 S.Ct. 1575 ("If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable.").

## CONCLUSION

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court to enter a judgment vacating the Forest Service's approval of the Old Joe Project.