**Alam UDDIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3886–ag.

United States Court of Appeals, Second Circuit.

April 21, 2008.

Edward J. Cuccia, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Alam Uddin, a native and citizen of Bangladesh, seeks review of the August 21, 2007 order of the BIA denying his motion to reopen. *In re Alam Uddin,* No. A75 565 038 (B.I.A. Aug. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."[2] Here, there is no dispute that Uddin's July 2007 motion to reopen was untimely where the BIA issued its decision dismissing his appeal from the IJ's order of removal in October 2001. However, Uddin challenges

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**2.** Where, as here, an alien files a timely petition for review from the denial of a motion, but not from the underlying removal order,

the BIA's decision not to *sua sponte* reopen his proceedings.

We lack jurisdiction to review a decision of the BIA regarding whether to *sua sponte* reopen a case under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). In an effort to create jurisdiction, Uddin argues that the BIA violated his due process rights by denying his motion to reopen as untimely because an unopposed motion, as described in 8 C.F.R. § 1003.2(g)(3), is analogous to a jointly filed motion to reopen, as described in 8 C.F.R. § 1003.2(c)(3)(iii), to which the time and numerical limitations do not apply. Uddin's argument is an unsuccessful attempt to "create [ ] jurisdiction ... simply by cloaking an abuse of discretion argument in constitutional garb." *Saloum v. USCIS*, 437 F.3d 238, 243 (2d Cir.2006). Indeed, Uddin has failed to submit any argument that the BIA deprived him of due process by failing to provide him with a full and fair opportunity to present his claims. *Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006) (citations omitted). We therefore lack jurisdiction to review the BIA's discretionary decision. *Saloum*, 437 F.3d at 243–44.[3]

For the foregoing reasons, the petition for review is DISMISSED.

---

the Court may review only the denial of the motion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90.

**3.** Even if we maintained jurisdiction over the instant petition, we would find no abuse of discretion in the BIA's decision. We find that there is a clear difference between an unopposed motion and a motion that is "[a]greed upon by all parties and jointly filed." 8 C.F.R. § 1003.2(c)(3)(iii); *see Forest Watch v. U.S. Forest Service*, 410 F.3d 115, 117 (2d

Cir.2005) (providing that "[t]he plain meaning of language in a regulation governs unless that meaning would lead to absurd results") (internal quotation marks and citations omitted).

